IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALTON CRAIN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-2125-M |
| | § | |
| TEXAS CAN!, ET AL. | § | |
| | § | |
| Defendants. | § | |

**<u>MEMORANDUM ORDER</u>**

Defendants have filed a motion to extend the deadlines for completing discovery and filing
dispositive motions.  For the reasons stated herein, the motion is denied.

I.

This is a civil action brought under Title VII of the Civil Rights Act of 1964 ("Title VII"),
as amended, 42 U.S.C. § 2000e, *et seq.*, and the Family and Medical Leave Act of 1993 ("FMLA"),
29 U.S.C. § 2601, *et seq.*  Plaintiff initially filed this action *pro se* on September 30, 2004.
Thereafter, the court appointed a lawyer to represent him.  In their joint status report, the parties
proposed a discovery deadline of August 15, 2005 and a dispositive motion deadline of September
15, 2005.  (*See* Jt. Conf. Rep., 12/20/04 at 2-3, ¶¶ 5 & 9(A)(2)).[1]  The court adopted these suggested
deadlines in its scheduling order entered on January 14, 2005.  (*See* Sch. Order, 1/14/05 at 2-3, ¶¶
4 & 9).  The scheduling order allows the parties to extend the discovery deadline by agreement,
"provided . . . the extension does not affect the trial or pretrial submission or dispositive motion
dates[.]"  (*Id.* at 3, ¶ 9).

---

[1]  Counsel for plaintiff points out that defendants insisted on an August 15, 2005 discovery deadline.  Plaintiff
preferred a deadline of September 9, 2005.  (*See* Plf. App. at 4, ¶ 33).

Before the scheduling order was entered, defendants served plaintiff with 20 interrogatories and 70 requests for production. (Plf. App. at 7, ¶ 40). Plaintiff responded to this written discovery on January 26 and 31, 2005. (*Id.*). Plaintiff also served his Rule 26(a) initial disclosures in January, identifying 31 people with knowledge of relevant facts and seven categories of documents. (*Id.* at 11-20). That same month, defense counsel requested dates for plaintiff's deposition. (*Id.* at 4-5, ¶ 35). Counsel for plaintiff agreed to produce his client for deposition in early March, but opposing counsel never responded with proposed dates. (*Id.*). In subsequent discussions, counsel for plaintiff agreed to make his client available for deposition before any scheduled mediation. Once again, defense counsel did not follow-up with specific dates. (*Id.*). Not until July 27, 2005--just 19 days before the discovery cutoff--did defense counsel ask to depose some or all of the 31 witnesses identified by plaintiff in his initial disclosures. (*Id.* at 5, ¶ 36; *see also id.* at 24). Counsel for plaintiff suggested three dates for these depositions and two dates for the deposition of his client, but defense counsel was unavailable on those dates. (*Id.* at 26). When defense counsel requested an extension of the discovery deadline, counsel for plaintiff agreed to produce his client for deposition after the discovery cutoff, but otherwise refused to extend this deadline. (*Id.*). Plaintiff also opposes an extension of the deadline for filing dispositive motions pending the completion of mediation. This motion followed.

II.

In order to obtain an extension of the deadlines for completing discovery and filing dispositive motions, defendants must demonstrate "good cause" for modifying the scheduling order. *See* FED. R. CIV. P. 16(b).[2] The "good cause" standard focuses on the diligence of the party seeking

---

[2] Fed. R. Civ. P. 16(b) provides, in pertinent part, that "[a] schedule shall not be modified except upon a showing of good cause . . ."

an extension of pretrial deadlines.  *See AMS Staff Leasing v. Starving Students, Inc.*, 2004 WL 251555 at *1 (N.D. Tex. Jan. 7, 2004) (Kaplan, J.) (citing cases).  Mere inadvertence on the part of the movant and the absence of prejudice to the non-movant are insufficient to establish "good cause."  *Id.*  Instead, the movant must show that "despite his diligence, he could not have reasonably met the scheduling deadline."  *Id.*; *see also* 6A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1522.1 at 231 (2d ed. 1990).

Defendants argue that "good cause" exists for extending these deadlines because of past scheduling difficulties and the fact that many of the witnesses identified by plaintiff reside out of town.  In addition, defendants maintain that postponing the depositions and the filing of dispositive motions "will permit the parties to fully present relevant evidence and arguments in this case while potentially minimizing the cost of the litigation if the case can be resolved at mediation."  (Def. Mot. at 2).  However, defense counsel wholly fails to explain why she waited until July 27, 2005--more than six months after plaintiff served his initial disclosures and just 19 days before the discovery cutoff--to request dates for the depositions of 31 witnesses.  Without such evidence, defendants cannot demonstrate "good cause" for extending the discovery deadline.  Nor have defendants established "good cause" for extending the September 15, 2005 deadline for filing dispositive motions, which is three weeks after the completion of mediation.[3]

## CONCLUSION

Defendants' motion to extend the discovery and dispositive motions deadlines is denied. However, defendants may depose plaintiff after the expiration of the discovery deadline as previously agreed by counsel.

SO ORDERED.

---

[3] A settlement conference is currently scheduled for August 24, 2005 before U.S. Magistrate Judge Irma C. Ramirez.

DATED:  August 16, 2005.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE